996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto Jose DEL MURO, aka Raul Torres-Garcia, Defendant-Appellant.
 No. 92-50257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Deferred Feb. 16, 1993.
Resubmitted Feb. 18, 1993.
Decided June 14, 1993.
 
 Before: WALLACE, Chief Judge, TROTT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raul Torres-Garcia (Torres)[1] appeals a jury conviction for falsely representing to the Immigration and Naturalization Service (INS) that he was a United States citizen in violation of 18 U.S.C. § 911 (1988). We reverse Torres' conviction because we conclude that the judge issued an improper jury instruction which removed an element of the crime from the jury's consideration.
 
 BACKGROUND
 
 3
 On September 17, 1991, an INS inspector stopped Torres, who was using the name "Alberto Jose Del Muro," at a primary checkpoint at the San Ysidro Port of Entry. After the inspector asked him the status of his citizenship, Torres responded by telling the inspector he was a United States citizen. He then presented the inspector with a copy of a certified copy of a birth certificate and a California Driver's License both with the name "Alberto Jose Del Muro".
 
 
 4
 After "Del Muro" was fingerprinted, a computer check by the National Crime Information Center revealed his true name to be "Raul Torres." Thereafter, Torres was tried and convicted of making a false claim to United States citizenship in violation of 18 U.S.C. § 911.
 
 DISCUSSION
 
 5
 Torres argues that the district court improperly directed a guilty verdict because it issued a supplemental jury instruction informing the jury that under the evidence and the law he was not an American citizen. We agree and reverse his conviction.
 
 
 6
 The adequacy of jury instructions are reviewed by examining the instructions as a whole. "Imperfectly formulated jury instructions will serve as a basis for overturning a conviction only upon a showing of abuse of discretion." United States v. Hayes, 794 F.2d 1348, 1351 (9th Cir.1986) (internal quotations omitted), cert. denied, 479 U.S. 1086 (1987). Supplemental jury instructions are reviewed under a similar standard. "Although the trial court is obliged to eliminate confusion when a jury asks for clarification of a particular issue, the necessity, extent and character of supplemental instructions, lies within the discretion of the trial court." United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987) (internal quotations omitted), cert. denied, 484 U.S. 1046 (1988).
 
 
 7
 This case is governed by our recent decision in United States v. Gaudin, 986 F.2d 1267 (9th Cir.1993). We held in Gaudin that a defendant's due process rights are violated when a judge deprives the jury of its fact-finding duty by removing an element of the crime from the jury's consideration. Id. at 1271. In Gaudin, we reversed the defendant's false statement conviction because the judge instructed the jury that the materiality element of that crime was established as a matter of law. Id. Furthermore, we held that when an element of the crime has been removed from the jury's determination, such a constitutional error cannot be harmless. Id. at 1272.
 
 
 8
 In this case, the judge told the jury that under the evidence and the law, Torres was not an American citizen. In order to convict Torres of falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911, the Government was required to prove beyond a reasonable doubt that Torres was not an American citizen. Because the judge's supplemental instruction removed that element of the crime from the jury's consideration, Torres' due process rights were violated. Such an error cannot be harmless. Because we reverse on this ground, we need not reach Torres' other contentions. Accordingly, we reverse and remand for a new trial.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This case involves the identity of a man attempting to cross the border from Mexico into the United States. Though he claims he is "Alberto Jose Del Muro," the Government claims he is "Raul Torres-Garcia." Though we have elected to call him "Raul Torres-Garcia," we make no judgment about his identity. We leave this determination for a jury